NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT MCCARGO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 11-533 (ES) |
| LOGAN HALL, et al. | : | OPINION |
| Defendants. | : | |

**SALAS, District Judge**

### I.     Introduction

Before the Court is Defendant New Jersey State Parole Board's ("Defendant" or "Parole Board") motion to dismiss Plaintiff Robert McCargo's ("Plaintiff" or "McCargo") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant seeks dismissal of Plaintiff's complaint for having failed to state a claim upon which relief may be granted.  The Court has considered the papers submitted in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's motion to dismiss is granted.

### II.    Background

While on parole, McCargo resided at Logan Hall, a rehabilitation facility located in Newark, New Jersey.  (Compl. ¶ 6). McCargo alleges that on November 1, 2010, he slipped and fell on a "wet floor" resulting in "an injury to his right foot . . . and the tearing off of his right

toe."[1]  (*Id.* ¶¶ 16, 18).  Thereafter, Plaintiff asserts that he was denied medical care for a period of five days.  (*Id.* ¶ 19).  Consequently, Plaintiff's foot became black, numb, swollen, and painfully infected.  (*Id.* ¶ 21).  Plaintiff sought a legal injunction in order to obtain medical assistance.  (*Id.* ¶ 23).

On January 28, 2011, Plaintiff filed the instant action against the Parole Board, an entity that McCargo contends "was responsible for [his] care and safety" as well as the "supervision of its contractees, Logan Hall and Community Education Center, Inc."  (*Id.* ¶ 11).  Plaintiff seeks monetary damages for alleged violations of federal and state laws.[2]  On April 5, 2011, the Parole Board moved to dismiss Plaintiff's complaint arguing, *inter alia*, that Plaintiff's complaint "should be dismissed . . . insofar as it seeks money damages against a State entity."[3]  (Def. Moving Br. at 4).

## III. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Federal Rule of Civil procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the

---

[1] At the outset, the Court notes that Plaintiff's claim that he tore off his right toe is contradicted in his brief opposing the Parole Board's motion to dismiss.  Specifically, McCargo states: "[Plaintiff] injured his foot and *lost a toe nail*."  (Pl. Opp. Br. at 1).

[2] Plaintiff has conceded that his "federal claims as to the . . . Parole Board, should be dismissed."  (Pl. Opp. Br. at 2).  Accordingly, Counts One, Two, Three, Four, and Eight of Plaintiff's Complaint are hereby dismissed with prejudice.  The Court further notes that with respect to Plaintiff's Fifth Cause of Action—a tort claim under New Jersey Common Law—Plaintiff fails to allege any wrongdoing by the Parole Board.  (*See* Compl. ¶¶ 45-48).  Indeed, Plaintiff is clear: "Defendant [sic], Logan Hall and [Community Education Center], as employer and supervisor of its employees, are responsible for the injuries suffered by the Plaintiff under the doctrine of Respondeat Superior."  (*Id.* ¶ 47).  Accordingly, Count Five will be dismissed without prejudice.  Therefore, the Court need only address Plaintiff's seventh cause of action, which alleges violations of his rights under the New Jersey State Constitution.

[3] The remaining Defendants—Logan Hall, Community Education Center, Inc., T. Stockholm, J. Trabucco, and L. Leslie—answered Plaintiff's complaint on March 29, 2011.  (*See* Docket Entry No. 3).

grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

When considering a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

## IV.    Analysis

In Count Seven,[4] Plaintiff seeks monetary damages for alleged violations of his rights under the New Jersey Constitution. Specifically, Plaintiff contends that the Parole Board "violated [his] rights . . . because they [sic] knew or should have known about the lack of training and supervision of [the employees of Logan Hall and Community Education Center, Inc.] . . . , [which] proximately caus[ed] [Plaintiff's] harms . . . ." (Compl. ¶ 52). The issue before the Court is whether Plaintiff has alleged "a short and plain statement of the claim showing that [he] is entitled to relief." *Twombly*, 550 U.S. at 555 (citation omitted).

It is well settled that "[s]tate governments and their subdivisions are not amenable to suit in federal court pursuant to the doctrine of sovereign immunity." *Edwards v. State of New Jersey*, No. 08-5617, 2009 U.S. Dist. LEXIS 94372, at *5 (D.N.J. Oct. 7, 2009) (citing U.S.

---

[4] For clarity, the Court notes that Count Seven of Plaintiff's complaint is incorrectly numbered. Preceding Count Seven is Count Five, thus Plaintiff appears to have skipped Count Six in drafting his complaint.

Const, amd. 11; *Hans v. Louisiana*, 134 U.S. 1 (1890)). It is also well settled that "a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute." *Clay v. New Jersey State Parole Bd.*, No. 08-723, 2008 U.S. Dist. LEXIS 62074, at *10 (D.N.J. Jul. 29, 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *see Edwards*, 2009 U.S. Dist. LEXIS 94372, at *5 ("Since Plaintiff seeks only damages here [ ], the Court must dismiss the . . . New Jersey State Parole Board . . . ."); *Brandolph v. Commonwealth of Pennsylvania*, No. 93-5145, 1993 U.S. Dist. LEXIS 17504, at *3-4 (E.D. Pa. Nov. 30, 1993) (holding that it is settled-law that the Pennsylvania Board of Probation and Parole "is immune from suit by virtue of the Eleventh Amendment" where plaintiff seeks an award of monetary damages).

In light of this precedent, Defendant argues that Plaintiff's complaint must be dismissed because the Parole Board is protected from suit by sovereign immunity insofar as Plaintiff's complaint seeks money damages from a State entity.[5] (Def. Moving Br. at 4; Def. Reply Br. at 1-2).

The Court finds the Parole Board's argument persuasive for the following two reasons. First, the Parole Board is an agency[6] of the New Jersey state government, and thus not amenable to suit in federal court under the doctrine of sovereign immunity.[7] *See Edwards*, 2009 U.S. Dist.

---

[5] Plaintiff appears to overlook this specific argument raised by the Parole Board as he fails to address it in his opposition brief. (*See* Pl. Opp. Br. at 3-5).

[6] *See U.S. ex rel. Gainer v. New Jersey*, 278 F. Supp. 127, 128 (D.N.J. 1967) (noting that "[t]he New Jersey Board of Parole is an agency of the New Jersey state government.").

[7] The Court further notes that it appears, and the Plaintiff has not otherwise argued, that the Parole Board has not expressly consented to being sued in this action. *See Edelman*, 415 U.S. at 673 ("In deciding whether a state [or state agency] has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.") (citation and quotation omitted).

LEXIS 94372, at *5 (dismissing plaintiff's claim against the New Jersey State Parole Board in part because "State governments and their subdivisions are not amenable to suit in federal court pursuant to the doctrine of sovereign immunity."). Second, McCargo seeks an award of money damages resulting from the alleged events of November 1, 2010. However, any monetary damage imposed on the Parole Board would be directly paid from public funds in the state treasury. For that reason, Plaintiff's complaint—relating to the allegations against the Parole Board—is barred under the Eleventh Amendment.[8] *See Clay*, 2008 U.S. Dist. LEXIS 62074, at *10 (D.N.J. Jul. 29, 2008) (citing *Edelman*, 415 U.S. at 663). Accordingly, the facts alleged, and all reasonable inferences drawn therefrom, fail to establish a claim upon which relief can be granted.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff shall have 15 days to file an amended complaint in accordance with this Court's Opinion. An appropriate Order shall follow.

s/Esther Salas
**Esther Salas**
**United States District Judge**

[8] The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."